

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Grover Sellers

ATTORNEY GENERAL

Judge Royall R. Watkins, President
State Board of Education
Austin, Texas

Dear Sir:

Opinion No. O-6231
Re: Can the State Board of
Education disregard the
bids offered and enter
into a contract with cer-
tain publishing companies
now holding contracts to
extend or continue those
existing contracts for the
period of time as prescribed
under the statutes of the
State of Texas? And a re-
lated question.

We have your letter of recent date requesting
an opinion on the questions stated therein. Your letter reads,
in part, as follows:

"* * * The questions to be con-
sidered are these:

"(a) Can the State Board of Educa-
tion disregard the bids offered and enter into
a contract with certain publishing companies now
holding contracts to extend or continue those exist-
ing contracts for the period of time as prescribed
under the statutes of the State?

"(b) In making such contracts of ex-
tension or continuation is it necessary, under the
statutes of Texas, to first issue a proclamation
calling for bids on such books, or can the Board,
as it has done in the past, extend or continue the
existing contracts without calling for such bids?

"The Board has this sort of situation before
it. There are certain books going out of adoption
which necessarily will have to be changed in many
ways, that is, pertaining to the subject mat-
ter, after the war closes -- such books as geography,
history, etc. To buy new books would perhaps be a
waste of money. To extend the old contracts or con-
tinue the same under the statutes and a precedent
long established heretofore by the State Board of
Education would save money. In the past the State
Board of Education has exercised its discretion in

dealing with the continuing and discontinuing of textbook contracts, and has followed two provisions in Article 2842, Revised Statutes.

"The first provision in the Article, which the State Board of Education has construed in the past as a procedure for continuing books in adoption, is as follows:

"'Provided that whenever the contractor supplying any books agrees to renew the contract on the same terms for a period of not less than two years or more than six, the members of the Commission (now the State Board of Education) shall give preference to the offer of the company holding the contract if they shall thereby secure as good or better books at a lower price than by making a different contract. * * *;

"The second provision reads:

"'Provided further, that before the Commission (now the State Board of Education) shall determine to displace any book upon which the contract is expiring, it shall, before making a new contract for a new text, ascertain through the State Superintendent of Public Instruction the number of usable books of the kind on which the contract has, or is about to expire, there are on hand, and also the estimated number of such books that would be required to supply the needs of the schools of the State using said books for the first, second and third years immediately succeeding the expiration of the contract on such books. The Commission shall then secure from the publisher of such book a bid or offer for the furnishing of such textbooks to meet the actual necessities of the schools of the State during the said first, second and/or third year period, allowing the State, however, a margin of twenty-five per cent over, or twenty-five per cent under, the estimated number to be required. If, upon the consideration of the cost of the books required to supply such needs for such a period, it appears to the Commission that it will be economical to do so, it may make a contract with such publishers to furnish such books during said first, second and/or third year period with a view to using up the entire supply of such

books on hand instead of wasting the same at the expiration of the original contract. At the expiration of said period, the Commission shall then make a contract for a textbook on the subject.'

"Formerly, when a contract was about to expire the State Board of Education was required first to ascertain the number of books on hand, the estimated number that would be required in addition to those on hand to supply the school needs until those already on hand would be used up. That might be one year, two years, or even three years, if a large number of the books were in good condition. Then the Board would find out from the publisher whether the company would agree to extend the contract to furnish such books as would be needed to use up the old one and what the estimated cost of these additional books would be. If the Board, with that information, thought it would be economical to extend the contract, it was extended. No bids were called for.

"But if the Board thought such a course would not be economical, then bids were called for on books for that subject, and the Board then proceeded under provision number one mentioned hereinbefore; that is, the members of the Board considered the books offered, including those going out of adoption if they were bid again, to determine whether the Board would get as good a book at a lower price by readopting the book going out of adoption.

"* * *

"Now, returning to the statute, the first proviso specifies that the contract shall be renewed 'for a period of not less than two years or more than six.' It requires that 'the members of the Commission shall give preference to the offer of the company holding the contract if they shall thereby secure as good or better books at a lower price than by making a different contract.'

"You will recall that Article 2848 Revised Statutes makes this provision: 'Provided that no textbook shall be adopted until it has been read carefully and examined by at least a majority of the Commission.' Hence, it must be very clear that under the first proviso mentioned hereinbefore the Board is required, that is, the members are required to examine the books offered to see their comparative merits and are required to compare prices of the books.

"But, in the second proviso there is no requirement of examining books as to their merits. It is the cost, the total cost, required to use up the books on hand 'instead of wasting the same at the expiration of the original contract.' Then too this extension can be, at most, for only three years.

\* \* \*

Under the first proviso in Article 2842, quoted by you, we think the Board of Education should advertise for bids, otherwise there would be no books with which to compare the books in use. There would be no way of knowing that the books in use are as good or better, or that the price was lower or higher than others for which a "different contract" could be made. Your first question is answered in the affirmative, provided the proclamation, or notice to bidders, is published in accordance with the requirement of Article 2846, Vernon's Revised Statutes.

The second proviso quoted by you, in effect, is an exception to the requirement that notice to bidders be published. If the Board of Education has obtained from the State Superintendent the number of usable books there are on hand, and the number that would be required to supply the needs of the schools, and a satisfactory offer from the publishers for the furnishing of such textbooks to meet the actual necessities of the schools of the State during the first, second or third year period, and if it appears to the Board that it will be economical to do so, it may contract with the publisher to furnish such books during said first, second or third year period with a view of using the entire supply of books on hand instead of wasting the same at the expiration of the original contract. If this contract to extend the original contract for one, two or three years is made sixty days or more prior to the October meeting of the Board it would be a useless thing to advertise for bids on the books included in such extended contract. It would mislead publishers who would submit bids, make bond, submit samples and otherwise comply with the law when there would be no chance to obtain a contract. Under these circumstances, you are advised that no notice to bidders should be published, and the Board may extend or continue existing contracts without calling for bids.

Opinion No. 0-5477 is modified to the extent indicated herein.

Yours very truly

APPROVED NOV. 28, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
Assistant

CFG:EP:jrb     APPROVED OPINION COMMITTEE
BY G4B, Chairman